*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CARLOS BYARS-WALKER,

        Plaintiff-Appellant,

and

ATLANTIC PHYSICAL THERAPY & REHABILITATION SERVICES INC,

        Intervening Plaintiff,

v

JOHN DOE and AVIS BUDGET CAR RENTAL LLC,

        Defendants,

and

USA UNDERWRITERS,

        Defendant-Appellee.

UNPUBLISHED
January 16, 2026
12:17 PM

No. 372957
Wayne Circuit Court
LC No. 23-013893-NI

Before: REDFORD, P.J., and CAMERON and PATEL, JJ.

PATEL, J. (*dissenting*).

I disagree with my colleagues that question #8 in USA Underwriters' application for insurance is unambiguous. I would hold that a reasonable juror could conclude that plaintiff reasonably interpreted the question to mean whether his license revocation occurred within three years of the application. Accordingly, I dissent.

USA Underwriters' insurance policy application included three questions about the suspension status of the applicant's driver's license:

6. Do you or your spouse currently have a suspended, expired or revoked license?

7. Do any other rated household members, currently have a suspended, expired or revoked license?

8. In the past three (3) years, have you or any rated household member had your driver's license suspended or revoked?

Plaintiff answered "No" to all three questions.

The dispute in this case centers on plaintiff's response to the third question. Plaintiff completed the insurance application in February 2023. His license was suspended on October 20, 2018. That suspension lasted until March 17, 2021. Plaintiff's license was reinstated on December 8, 2022. Plaintiff attested that because his license was suspended in October 2018, more than three years prior to his February 2023 application for insurance, he reasonably believed his response was truthful. He did not interpret the question to mean whether he possessed a suspended license within that time.

The majority holds that question 8 is unambiguous and directs an applicant to answer whether they were in possession of a suspended license at any time during the three years prior to the date of the application. I disagree. The question "have you had your driver's license suspended" in the past three years is a separate and distinct inquiry from "have you had a suspended driver's license" in the past three years. The first can be read as asking about the timing of a specific action: the suspension of your driver's license. The date a license is suspended is not the same thing as having a suspended license. If USA Underwriters intended to ask whether the applicant had a suspended license anytime within three years prior to the date of application, it could have easily asked that question. But that is not what question 8 poses. Instead, question 8 asks whether "In the past three (3) years, have you or any rated household member had your driver's license suspended or revoked?" This question can be reasonably interpreted to mean whether the initial suspension occurred sometime within the past three years. At the very least, this question is ambiguous, and plaintiff's good faith answer to the question does not provide grounds to revoke his policy *ab initio*.

The majority cites Questions 6 and 7 as informing the meaning of question 8 unambiguous, reasoning that, since Questions 6 and 7 deal with a currently expired or suspended license, question 8 must be asking about whether the applicant had a suspended license in the past three years. But this analysis diverges from the actual language of question 8, which is the best way to determine its meaning. As stated above, if USA Underwriters meant to ask whether the applicant had a suspended or revoked license within three years of the date of the application, it could have easily and clearly asked that question. Question 8 instead asks whether the applicant had their license revoked in the past three years, a different inquiry entirely. Ambiguous language should be construed against the drafter, in this case, USA Underwriters. *Klapp v United Ins Group Agency, Inc*, 468 Mich 459, 472; 663 NW2d 447 (2003).

I would hold that the trial court erred by holding that question 8 in the application is unambiguous and required plaintiff to answer whether he had a suspended license anytime during

the three years prior to the application date.  Instead, I would hold that a reasonable juror could conclude that plaintiff reasonably interpreted the question to mean whether his license was initially revoked anytime within the past three years.  To the extent this language is ambiguous, it should be construed against USA Underwriters; it should not be used as evidence that plaintiff made a material misrepresentation on his application.  There is no justification to revoke plaintiff's policy of insurance *ab initio* and deny coverage after the accident.  I dissent.


/s/ Sima G. Patel